UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAROL INSARDI
                Plaintiff,
    -against-

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,
                Defendant.
------------------------------------------------------------x
THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,
                Third-Party Plaintiff,
    -against-

THE UNITED STATES POSTAL SERVICE,
                Third-Party Defendant.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP - 1 2016 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-4206 (CBA) (RLM)

**AMON, United States District Judge:**

Before the Court are two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Defendant the Port Authority of New York and New Jersey ("Port Authority") moves to dismiss plaintiff Carol Insardi's complaint under Rule 12(b)(6) for failure to state a claim. Third-party defendant the United States Postal Service ("USPS") moves to dismiss third-party plaintiff Port Authority's complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. The Court concludes that it does not have subject-matter jurisdiction over the third-party complaint and accordingly grants USPS's motion. Because no independent basis for subject-matter jurisdiction exists over Insardi's complaint, the Court does not reach Port Authority's motion to dismiss and instead remands this action to the state court from which it was removed.

## BACKGROUND

Plaintiff Carol Insardi alleges that on February 24, 2014, at approximately 10:15 p.m., she tripped and fell in the parking lot of the Post Office Mail Facility at John F. Kennedy International Airport ("JFK") in Queens, New York, because of inadequate lighting. (Compl. ¶¶ 22–23.)

1

Insardi sued the Port Authority for negligence in state court, alleging that the Port Authority operates JFK and negligently maintained the parking lot. (Id. ¶ 9.) The Port Authority filed a third-party complaint against the USPS for breach of contract, failure to procure insurance, indemnification, and contribution, alleging that the USPS was solely responsible for the area in question. (See Third-Party Compl. ¶¶ 2–24.) The USPS, an agency of the United States, removed to this Court pursuant to 28 U.S.C. § 1442(a). (See Removal Pet. ¶ 7.)

## STANDARD OF REVIEW

When considering motions to dismiss under Rule 12(b)(1) and (b)(6), the Court accepts all allegations in the complaint as true and draws reasonable inferences in favor of the nonmovant. See Atterbury v. U.S. Marshals Serv., 805 F.3d 398, 402 (2d Cir. 2015).

A court dismisses an action under Rule 12(b)(1) "if the court lacks the statutory or constitutional power to adjudicate it." Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L., 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks and citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Mantena v. Johnson, 809 F.3d 721, 727 (2d Cir. 2015) (citation omitted).

A court dismisses an action under Rule 12(b)(6) if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must offer more than "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555, 557) (internal quotation marks omitted)).

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and also a motion to dismiss on other grounds, "the Court must consider the Rule 12(b)(1) motion first." Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 332 (E.D.N.Y. 2012) (quoting Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011)); see Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) ("We determine the existence of subject matter jurisdiction before addressing other threshold issues."), aff'd, 133 S. Ct. 721 (2013). The Court therefore first considers the USPS's motion to dismiss the Port Authority's third-party complaint for lack of subject-matter jurisdiction.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "[T]he Postal Service is part of the Government and that status indicates immunity unless there is a waiver." U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 744 (2004). The Supreme Court has held, however, that the "sue and be sued" clause of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. § 401(1), "waives immunity, and makes the Postal Service amenable to suit." Id.; see also Anselma Crossing, L.P. v. U.S. Postal Serv., 637 F.3d 238, 240 (3d Cir. 2011) ("The government has waived the immunity of the USPS through the PRA, which gives the USPS the power to 'sue and be sued in its official name.'" (quoting 39 U.S.C. § 401(1))). Thus there is no question "whether an aggrieved party may bring a claim against the USPS—it can." Anselma Crossing, 637 F.3d at 240.

The operative question instead is where such a claim may be brought. See id. The PRA § 409(a) states that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." The Port Authority argues

3

that this provision grants the Court jurisdiction. The USPS responds that all contract claims against the government must be brought in accordance with the Contract Disputes Act ("CDA"), §§ 7101–7109, (USPS Mem. at 4–7). See 1-10 Indus. Assocs., Inc. v. U.S. Postal Serv., 133 F. Supp. 2d 194, 195 (E.D.N.Y. 2001) ("The [CDA] applies to leases of real property. . . . Where it applies, the CDA is the exclusive remedy for a dispute against federal government agencies."). The CDA requires claimants to bring their claims to and receive a final decision from the contracting officer, see 41 U.S.C. §§ 7103(a), 7104(b), before either appealing to the appropriate agency or suing in the Court of Federal Claims, id. § 7104. The USPS argues that, under the CDA, this Court lacks jurisdiction over this action.

The courts of appeals are split on whether the PRA or the CDA governs jurisdiction over contract claims against the USPS. "The clear majority of courts of appeals that have addressed whether the CDA bars federal district court jurisdiction over breach of contract claims against the USPS have found that it does." Anselma Crossing, 637 F.3d at 245 (holding that the CDA bars district court jurisdiction despite PRA's sue-and-be-sued clause); see Goodin v. U.S. Postal Inspection Serv., 444 F.3d 998, 1001 (8th Cir. 2006) (same); see also United States v. J & E Salvage Co., 55 F.3d 985, 988 (4th Cir. 1995) (finding contract actions against USPS barred from district court without mentioning PRA); Jackson v. U.S. Postal Serv., 799 F.2d 1018, 1022 (5th Cir. 1986) (stating that the enactment of the CDA in 1978 removed district courts' concurrent jurisdiction over suits against USPS); cf. Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890–92 (6th Cir. 1998) (holding that sue-and-be-sued clause in Small Business Act ("SBA") did not grant district court jurisdiction over contract claim); A & S Council Oil Co. v. Lader, 56 F.3d 234, 241–42 (D.C. Cir. 1995) (same). But see In re Liberty Constr., 9 F.3d 800, 801–02 (9th Cir. 1993) (holding SBA's sue-and-be-sued clause provided district courts an independent statutory

grant of jurisdiction); Wright v. U.S. Postal Serv., 29 F.3d 1426, 1429–30 (9th Cir. 1994) (applying reasoning of Liberty Construction to USPS based on 39 U.S.C. § 401(1)). Although the Second Circuit has not yet decided this issue, district courts in this circuit have held that the CDA, not the PRA, governs, see 1-10 Indus. Assocs., Inc., 133 F. Supp. 2d at 197; Sokolich v. U.S. Postal Serv., No. 03-CV-618, 2006 WL 1650809, at *6 (N.D.N.Y. June 15, 2006).

In arguing that the PRA governs, not the CDA, the Port Authority relies primarily on the Third Circuit's decision in Licata v. United States Postal Service, 33 F.3d 259 (3d Cir. 1994). This reliance on Licata is misplaced. Licata held that "absent some other statutory bar, section 409(a) grants district courts subject matter jurisdiction over actions to which the Postal Service is a party." Id. at 263. But Licata "left open the precise question" of whether "the CDA was [such] a statutory bar to § 409(a)'s grant of jurisdiction." Anselma Crossing, 637 F.3d at 241 (citing Licata, 33 F.3d at 254 n.6). The Third Circuit answered that question in Anselma Crossing, 637 F.3d 238, and determined that the CDA was indeed a statutory bar. See id. at 242.

The Court finds this conclusion persuasive. Anselma Crossing—as well as a court in this District, see 1-10 Indus. Assocs., Inc., 133 F. Supp. 2d 194—determined that the CDA is a statutory bar for the following reasons. First, the CDA was enacted more recently than the PRA: the CDA was enacted in 1978, the PRA in 1970. See Anselma Crossing, 637 F.3d at 246; 1-10 Indus. Assocs., 133 F. Supp. 2d at 196. Second, the terms of the CDA are "more precisely drawn than the terms of the PRA." Anselma Crossing, 637 F.3d at 246; 1-10 Indus. Assocs., 133 F. Supp. 2d at 197 ("[T]he CDA is the paradigm of a precisely drawn, detailed statute that preempts more general jurisdictional provisions." (quoting A & S Council Oil Co., 56 F.3d at 241) (internal quotation marks omitted)); see also Cmty. Health Care Ass'n of N.Y. v. Shah, 770 F.3d 129, 157 (2d Cir. 2014) ("It is a basic principle of statutory construction that a specific statute . . . controls

over a general provision." (citation omitted)). Third, the CDA does not exclude USPS contracts even though it specifically excludes several other types of contracts. Anselma Crossing, 637 F.3d at 246. Fourth, permitting contract claims against the USPS to proceed in federal district court would undermine the CDA's purpose of collecting contract claims against the government in a consistent and expert forum. Id. For these reasons, the Court concludes that the CDA governs the jurisdiction over contract claims against the USPS, not the PRA's general grant of jurisdiction.

Under the CDA, the Court does not have jurisdiction over the Port Authority's contract claims. Because the Port Authority has not taken the required threshold step under the CDA of presenting its claims to the contracting officer, transfer to the Court of Claims is not appropriate. See 1-10 Indus. Assocs., 133 F. Supp. 2d at 197 (dismissing rather than transferring case where plaintiff has not presented claims to contracting officer). The Port Authority's third-party complaint is therefore dismissed pursuant to Rule 12(b)(1).[1]

## CONCLUSION

Having dismissed Port Authority's third-party complaint, there is no basis for this Court's jurisdiction over Insardi's original complaint. Her negligence action is based on state law, and Insardi and the Port Authority—both New York residents, (see Compl. ¶ 1; Third-Party Compl. ¶ 1)—are not diverse. The Court therefore remands this action to New York Supreme Court,

---

[1] Port Authority's entire complaint warrants dismissal. Breach-of-contract and failure-to-procure-insurance claims both unequivocally sound in contract. See Inchaustegui v. 666 5th Ave. Ltd. P'ship, 96 N.Y.2d 111, 116 (2001) (holding that because failure to procure insurance is a contract claim, damages are limited to the economic injury caused by the breach of contract). The indemnification claim also sounds in contract because it arises from an "express agreement creating a right to indemnification" or "the special nature of a contractual relationship between parties." See Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986). Contribution, on the other hand, is a statutory tort claim under New York law, see N.Y. C.P.L.R. § 1401, and there is generally no common-law right of contribution in contract actions, Bd. of Educ. of Hudson Sch. Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 29 (1987). But some claims "in the borderland between tort and contract" might still give rise to contribution, Sommer v. Fed. Signal Corp., 79 N.Y.2d 540, 550 (1992), and Port Authority has not argued that its contribution claim here sounds in tort, nor has it responded to USPS's arguments why any tort claim would be improper, (see USPS Mem. at 7–8). To the contrary, the Port Authority argues exclusively that the PRA permits its third-party complaint. Finding this argument incorrect, the Court dismisses the entirety of Port Authority's third-party complaint.

Queens County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk of Court is respectfully instructed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: September 1, 2016
Brooklyn, New York

s/Carol Bagley Amon

_____
Carol Bagley Amon
United States District Judge